IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN J. GRABER,

                        Plaintiff,                  Case No. 3:11 CV 20

     -vs-

                                                <u>MEMORANDUM  OPINION</u>

METROPOLITAN LIFE INSURANCE
COMPANY, et al.,

                        Defendant.

KATZ, J.

      This matter derives from Plaintiff Steven Graber's lawsuit against Defendants United States of America ("United States"), Metropolitan Life Insurance Company ("Met Life"), Met Life's Office of Federal Employees Group Life Insurance ("OFEGLI"), and Bruce T. Jones, claiming that Plaintiff is the rightful beneficiary to the proceeds of his deceased wife's Federal Employees' Group Life Insurance ("FEGLI") policy. The matter is currently before the Court on the United States' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6). (Doc. 26). For the reasons stated herein, the United States' motion to dismiss is granted.

**I. Background**

      "Congress enacted [the Federal Employees' Group Life Insurance Act ("FEGLIA")] in 1954 to provide low-cost group life insurance to Federal Employees." *Terry v. Metro. Life Ins. Co.*, 354 F.3d 527, 530 (6th Cir. 2004) (quoting *Metro. Life Ins. Co. v. Christ*, 979 F.2d 575, 576 (7th Cir. 1992)); *see generally* FEGLIA, 5 U.S.C. § 8701 *et seq.*; 5 C.F.R. Part 870. Pursuant to this authority, the former United States Civil Service Commission purchased a group life and accidental death and dismemberment insurance policy from Met Life to cover federal employees

and retirees. Met Life in-turn established OFEGLI, a non-governmental, administrative unit of Met Life responsible for administering the FEGLI claims process. *Reed v. United States*, 182 F.3d 918, 1999 U.S. App. LEXIS 16218, at *2 n.1 (6th Cir. 1999).

Federal employees or retirees who are covered by the FEGLI plan may designate beneficiaries to receive the proceeds of their FEGLI policy by submitting a SF 2823 beneficiary designation form to their employing office. (Doc. 26-2 at ¶5). The employing office adds beneficiary designation forms to the employee's Official Personnel Folder ("OPF"), which is kept by the employing office for the duration of employment. *Id*. at ¶6. When the employee retires, the employing office's Human Resources representative certifies that the contents of the OPF are the employee's official personnel records, and then forwards those contents to the Office of Personnel Management ("OPM"), where after they are kept in OPM's Civil Service Retirement File. *Id*. "Upon the retiree's death, all of the original designation of beneficiary forms in the Civil Service Retirement File are sent to OFEGLI," and OFEGLI then determines which of the beneficiary designation forms is the effective form for purposes of paying the decedent's FEGLI benefits. *Id*. at ¶7.[1] Notably, the FEGLIA statute requires that a properly executed beneficiary designation form must be "received before death in the employing office" to be effective. 5 U.S.C. § 8705(a); (Doc. 26-2 at ¶5).

In the instant matter, Plaintiff's wife, Barbara Ann Graber, deceased, ("decedent"), was a retired federal civilian employee who maintained a FEGLI life insurance policy in accordance with the framework described above. Specifically, on February 6, 1996, the decedent's employing

---

[1] "OPM maintains only photocopies of the designations of beneficiary forms that are sent to OFEGLI after the death of a retiree." (Doc. 26-2 at ¶7).

office received a properly executed SF 2823 ("the 1996 beneficiary form") that designated her brother, Defendant Jones, as the sole beneficiary of her FEGLI policy. Upon decedent's September 1, 1998 retirement, the contents of decedent's OPF were certified and forwarded to OPM's Civil Service Retirement File as described above. Further, upon decedent's death in 2010, OPM forwarded decedent's designation of beneficiary forms to Met Life's OFEGLI, and OPM retained photocopies of the forwarded forms as described above. Thereafter, OFEGLI determined that the 1996 beneficiary form was effective, and OFEGLI processed decedent's policy accordingly.

The contents of decedent's various personnel files were verified by the affidavit of OPM Retirement Operations Center Customer Information Branch Chief Raylene Ellenberger. (Doc. 26-1). Ellenberger averred that decedent's retirement case file contains only a photocopy of the 1996 beneficiary form, as well as a photocopy of an older beneficiary form from 1969. *Id.* at ¶¶8-9. "[Decedent's] retirement case file . . . does not contain any other FEGLI designation of beneficiary forms." *Id.* at ¶10. Ellenberger also reviewed decedent's OPF to ensure that no beneficiary designation forms were missed, and indeed, the OPF contained only copies of the 1996 and 1969 beneficiary forms. *Id.* at ¶¶12-13. Ellenberger further stated: "I am aware of no other places for official retention and maintenance of retired Federal civil service personnel FEGLI designation of beneficiary forms. If the agency Human Resources officer or OPM received a designation of beneficiary form, it would have been maintained in the [OPF] or the retirement case file." *Id.* at ¶14.

Notwithstanding the facts above, Plaintiff claims that on or about April 16, 2008, decedent properly executed and mailed to her employment office a beneficiary designation form ("the 2008

3

beneficiary form") naming Plaintiff as the sole beneficiary of her FEGLI policy. Moreover, Plaintiff claims decedent retained a copy of the 2008 beneficiary form, and noted thereon that she mailed the form on April 16, 2008. Upon decedent's death, Plaintiff submitted a claim to OFEGLI for payment of decedent's FEGLI benefits but was told that the claim was being processed with Defendant Jones as the beneficiary.

Plaintiff subsequently filed the instant action on January 4, 2011, claiming, *inter alia*, that the United States breached a legal duty to properly maintain the 2008 beneficiary form by losing, misfiling, or otherwise misplacing it. (Doc. 1). On November 22, 2011, the United States filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff responded on December 20, 2011, and the United States replied on December 22, 2011.

## II. Discussion

The United States first moves to dismiss pursuant to FED. R. CIV. P. 12(b)(1), asserting that this Court lacks subject matter jurisdiction because the United States has not consented to be sued for alleged negligence in maintaining FEGLIA records. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (Absent unequivocal waiver of sovereign immunity and consent to be sued, United States, as sovereign, is immune from suit and courts lack subject matter jurisdiction to hear cases). As discussed below, this Court agrees that the United States has not consented to suit, and this Court therefore lacks subject matter jurisdiction over the matter. Because the Court lacks subject matter jurisdiction, the United States' FED. R. CIV. P 12(b)(1) motion to dismiss is granted, and its FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim need not be addressed.

**A. Standard of Review: FED. R. CIV. P. 12(b)(1) Motion to Dismiss**

Generally, a FED. R. CIV. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction falls into one of two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) *cert. denied*, 513 U.S. 868 (1994); *see also Wenz v. Rossford Ohio Transp. Improvement Dist.*, 392 F.Supp. 2d 931, 934 (N.D. Ohio 2005). A facial attack challenges the sufficiency of the pleading itself, and requires the Court to take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). In contrast, a factual attack challenges the factual existence of subject matter jurisdiction, *Ohio Hosp. Ass'n v. Shalala,* 978 F.Supp. 735, 739 (N.D. Ohio 1997), and requires a court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

The United States suggests the instant motion involves a factual attack on subject matter jurisdiction, and Plaintiff apparently agrees. Despite this, the Court construes the United States' motion as a facial attack. As explained below, the instant motion does not assert a need to examine the truthfulness of Plaintiff's allegations in order to determine the existence of subject matter jurisdiction. Instead, the United States argues that Plaintiff's Complaint is facially insufficient to invoke subject matter jurisdiction because it does not demonstrate that the United States has waived sovereign immunity. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (factual attack disputes truth of the allegations that would otherwise invoke federal jurisdiction, while facial attack asserts allegations are insufficient to invoke federal jurisdiction).

**B. Analysis of United States' Sovereign Immunity**

The United States remains immune from suit absent an unequivocal waiver of sovereign immunity and consent to be sued. *Mitchell*, 445 U.S. at 538. To this end, the FEGLIA statute provides that "[t]he district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal claims, of a civil action or claim against the United States founded on this Chapter." 5 U.S.C. § 8715. Case law holds, and the parties agree, that under this FEGLIA provision "the United States has consented to be sued for any *breach of legal duty* owed by it under FEGLIA." *Metro. Life Ins. Co. v. Atkins*, 235 F.3d 510, 513 (5th Cir. 2000) (emphasis added) (citing *Barnes v. United States*, 307 F.2d 655, 657 (D.C. Cir. 1962)). The parties do not agree, however, on whether proper maintenance of FEGLI records–including beneficiary designation forms–is a legal duty contemplated by Section 8715, and thus, whether the United States has consented to be sued for Plaintiff's claim that it lost, misfiled, or otherwise misplaced the 2008 beneficiary form.

The parties do not cite, and this Court has not located, any Sixth Circuit cases addressing the legal duties imposed on the United States under FEGLIA. Case law in other circuits is split on the issue, albeit unevenly. Plaintiff urges this Court to adopt the Fifth Circuit's holding in *Atkins*, *supra*, which is apparently the only case finding that Section 8715 imposes a legal duty to properly maintain FEGLI beneficiary forms. The *Atkins* Court reasoned as follows:

> Noting that the statute and regulations addressing the designation of beneficiaries speaks in terms of a United States employing office "receiving" the designation, the district court held that the law imposes no duty on the United States. However, one plausible version of the facts emerging from the pleadings and evidence is that [plaintiff] fulfilled his duty to turn over a properly filled out and signed designation of beneficiary form and a United States employee lost or misfiled it . . . . [W]e conclude that the United States, through the personnel clerk, has a duty to maintain the designation of beneficiary forms turned over to its care as a part of its responsibilities under FEGLIA.

6

*Atkins*, 225 F.3d at 513-14.

Conversely, the United States cites five cases holding that the only legal duty imposed on the United States under FEGLIA is to ensure that the correct FEGLI policy is negotiated and issued. *See Frerichs v. United States*, 2006 U.S. Dist. LEXIS 2464, at *8 (N.D. Ill. Jan. 23, 2006) ("The United States' role is limited to negotiation and procuring of a policy of group life insurance for its employees . . . .") (citation and internal quotation omitted); *Jacobs v. United States*, 794 F. Supp. 509, 511 (S.D.N.Y. 1992) ("The United States is only liable if it fails in that role to cause the issuance of the insurance contract in the proper amount.") (citation omitted); *Argent v. OPM*, 1997 U.S. Dist. LEXIS 12335, at *8-*9 (S.D.N.Y. Aug. 20, 1997) ("[T]he Government's duties under FEGLIA are limited to negotiating and procuring group life insurance policies for its employees.") (citation omitted); *Railsback v. United States*, 181 F. Supp. 765, 766 (D. Neb. 1960) (quoting *Grove v. United States*, 170 F. Supp. 176, 177 (E.D. Va. 1959)); *Grove*, 170 F. Supp. at 177 ("[A]n action could be maintained against the sovereign only if it could be shown that the Government had failed to cause the issuance of the insurance contract in the proper amount . . . ."). Further, the United States stresses that *Frerichs*, *supra*, cites the Fifth Circuit's *Atkins* decision as the only instance where a court expanded the United States' role to include a duty to properly maintain FEGLI beneficiary forms. *See Frerichs*, 2006 U.S. Dist. LEXIS 2464, at *9 n.3 (citing *Atkins*, 225 F.3d at 513).[2]

---

[2] Plaintiff unpersuasively argues that *Railsback*, *supra*, is not applicable because it does not deal with FEGLIA in the context of beneficiary designation forms. *Railsback* is not cited to speak on the issue of beneficiary designation forms except to the extent it demonstrates that FEGLIA's limited duties–proper negotiation and issuance of FEGLI policies–exclude the duty to maintain beneficiary designation forms.

This Court agrees that the only legal duty imposed on the United States under FEGLIA is to ensure that the correct FEGLI policy is negotiated and issued.  The majority of case law supports this interpretation and makes clear that Congress contemplated only limited legal duties under FEGLIA.  Accordingly, this Court declines to expand FEGLIA to include the duty to properly maintain beneficiary forms, notwithstanding the Fifth Circuit's decision to do so.  As such, Plaintiff cannot demonstrate that sovereign immunity has been waived, and this Court therefore lacks subject matter jurisdiction to hear Plaintiff's claims against the United States.

## III. Conclusion

For the Reasons stated herein, the United States' motion to dismiss is granted.  (Doc. 26).

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE